UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANDRA GURNE,

    Plaintiff,

vs                                          Case No.

MICHIGAN BELL TELEPHONE
COMPANY d/b/a AT&T,

                                                    Hon._____

    Defendant.

                                                    Magistrate:_____

_____/

BURGESS & SHARP, PLLC
Attorney for Plaintiff
By:   Heidi J. Junttila, P72610
15985 Canal Road
Clinton Township, MI  48038
586-226-2627
heidij@burgess-sharp.com
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

      Plaintiff, Diandra Gurne, states for her claim against Defendant Michigan Bell Telephone Company d/b/a/ AT&T (hereinafter "AT&T"), the following:

1. Diandra Gurne is a resident of Smiths Creek, St. Clair County, Michigan.

2. AT&T, at all times relevant hereto was conducting business throughout the State of Michigan.

3. This matter is within the jurisdiction of this court pursuant to the Family Medical Leave Act, 29 USC 2601 et seq.

## General Allegations

4. Diandra Gurne was employed by the Defendant AT&T from September 24, 2000 through June 10, 2010.

5. The Plaintiff was hired by the Call Center Department as a Full-Time Consumer Product Specialist.

6. Plaintiff was an exemplary employee and received merit increases and monthly incentive bonuses based on her performance.

7. Plaintiff was diagnosed with migraine headaches and anxiety in August of 2005.

8. In 2007, Plaintiff applied for and was granted approximately 2 ½ months of FMLA leave for the birth of her son.

9. In 2008, Plaintiff applied for and was granted intermittent FMLA leave for her serious health conditions.

10. In March of 2010, Plaintiff applied for was granted intermittent FMLA leave for her serious health conditions.

11. Plaintiff's physician at the time, Dr. Laura Lucio-Reincke, requested that Plaintiff be approved for approximately 36 hours of FMLA intermittent leave each month due to her chronic health conditions.

12. Defendant required Plaintiff to recertify for FMLA every six months.

13. In approximately April 2010, Plaintiff's anxiety and migraines increased in both severity and frequency.

14. Plaintiff decided to change physicians as a result of her worsening condition.

15. On April 9, 2010, Plaintiff utilized Defendant's "day on demand" policy in order to attend an emergency doctor appointment with her new treating physician, Dr. Cavataio.

16. As a result of the severe anxiety Plaintiff was experiencing, Dr. Cavataio increased her prescription dosage by two times the amount that was originally prescribed.

17. Plaintiff called off of work on Saturday April 10, 2010 as a result of the symptoms of anxiety she was experiencing as well as the side effects and difficulty with adjusting to the increased dosage of medication.

18. Plaintiff's scheduled shift on April 10, 2010 was from 8:30AM to 5:00PM.

19. Around 5:30PM on the evening of April 10, 2010, Plaintiff attended a birthday party for a few hours with her family.

20. Plaintiff's husband drove to and from the function.

21. While at the function, another AT&T employee, Kari Hasler saw Plaintiff and notified AT&T on Monday April 12, 2010 that she saw Plaintiff at the function.

22. Plaintiff went to work as scheduled on Monday April 12, 2010.

23. On April 14, 2010, Plaintiff was absent pursuant to her approved FMLA leave.

24. Plaintiff checked her absence activity on Defendant's computer system and noticed that it said "pending" regarding the April 10, 2010 FMLA approval, but that the April 14, 2010 had already been approved.

25. Plaintiff contacted Defendant's FMLA department and she was told that they were "reviewing it" and they were "behind."

26. On May 3, 2010 Defendant suspended Plaintiff pending investigation of violations of the Company's Code of Business Conduct and on May 20, 2010 Defendant suspended Plaintiff pending termination.

27. Defendant required Plaintiff to turn in her Company ID, and all applicable Security Badges/Swipe Cards/Stickers and Decals.

28. Plaintiff's physician, Dr. Cavataio provided Defendant with a letter stating that Plaintiff was under his care and taking several medications. He went on to state in the letter that Plaintiff is able to do outside activities in the afternoon after her medication and/or rest. He further provided his telephone number should Defendant have any questions.

29. Defendant never contacted Dr. Cavataio for further information regarding Plaintiff's conditions.

30. Plaintiff received a letter from Defendant dated June 17, 2010 stating that she had been terminated.

## COUNT I

### Violation of Family Medical Leave Act

31. Plaintiff incorporates by reference the preceding paragraphs.

32. At all times relevant hereto Plaintiff was an employee of Defendant and was eligible for and did receive intermittent family medical leave for her serious medical conditions.

33. Defendant is an employer pursuant to the Family Medical Leave Act.

34. Defendant has more than 50 employees.

35. Plaintiff had been employed for more than one year and had worked more than 1,250 hours in the year preceding the onset of this leave.

36. Plaintiff had an on-going serious medical condition that includes both migraine headaches and anxiety and Defendant had a duty to offer Plaintiff Family Medical Leave for her serious medical conditions.

37. Defendant retaliated against Plaintiff for taking time off that she was legally eligible for under the Family Medical Leave Act by terminating her employment with AT&T while she was on company approved FMLA leave.

38. Defendant had a duty to reinstate Plaintiff to her position upon her return from FMLA leave.

39. Defendant's interference and retaliation against Plaintiff for taking medical leave that was covered by the Family Medical Leave Act are blatant violations of the Family Medical Leave Act.

40. Defendant's termination of Plaintiff after granting Plaintiff Family Medical Leave, interfering with, denying Family Medical Leave, retaliating against and terminating Plaintiff for taking medical leave that was covered by the Family Medical Leave Act are violations of the Family Medical Leave Act.

41. Defendant's actions consist of intentional and willful violations of the Family Medical Leave Act.

42. Plaintiff's FMLA rights were interfered with in violation of the Family Medical Leave Act.

43. Plaintiff was wrongfully terminated in violation of the Family Medical Leave Act.

44. Plaintiff was wrongfully terminated in retaliation for asserting her Family Medical Leave Act rights.

45. Pursuant to the Family Medical Leave Act, employees cannot waive, nor may employers induce employees to waive their rights under FMLA.

46. Pursuant to the Family Medical Leave Act, an employer may request a recertification for leave taken because of an employee's own serious medical condition if either circumstances described by the previous certification have changed significantly or if the employer receives information that casts doubt upon the employee's stated reason for the absence or the continuing validity of the certification.

47. Defendant failed to request that Plaintiff submit to a recertification for her serious medical condition and then later terminated her without requesting a recertification.

48. Defendant's blatant failure to act within the bounds of the law constitutes a violation of the Family Medical Leave Act.

49. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered lost wages, benefits and loss of employment opportunities.

50. Plaintiff requests judgment against the Defendant as follows:

    A. Compensatory damages in whatever amount she is found to be entitled;

    B. Liquidated damages in whatever amount she is found to be entitled;

    C. An award of interest, costs and reasonable attorney fees and expert witness fees;

6

   D.  Whatever other legal or equitable relief the court deems appropriate at the time of final judgment.

## COUNT II

### VIOLATION OF THE BULLARD-PLAWECKI EMPLOYEE RIGHT TO KNOW ACT
### MCLA 423.501 et seq.

51. Plaintiff incorporates by reference the preceding paragraphs.

52. Plaintiff made a written request for a copy of her personnel file in accordance with MCLA 423.503, *et seq.*

53. Defendant willingly and knowingly failed to provide her with her personnel file in violation of MCLA 423.511.

54. Plaintiff is entitled to damages a direct result of Defendant's failure to comply with Michigan law.

55. Plaintiff respectfully requests this honorable court award Plaintiff actual damages, an additional $200.00 plus costs, interest and attorney fees as set forth in the statute.

      Respectfully submitted,

      BURGESS & SHARP, PLLC

      s/ Heidi J. Junttila
      15985 Canal Road
      Clinton Township, MI  48038
      (586) 226-2627
      e-mail:  heidij@burgess-sharp.com
      P72610

Dated:   November 23, 2010

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Diandra Gurne, by and through her attorney, BURGESS & SHARP, P.L.L.C., and hereby makes a demand for a trial by jury in the above-entitled matter.

Respectfully submitted,

BURGESS & SHARP, PLLC


s/ Heidi J. Junttila
15985 Canal Road
Clinton Township, MI  48038
(586) 226-2627
e-mail:  heidij@burgess-sharp.com
P72610


Dated:   November 23, 2010